IN THE US DISTRICT COURT FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHNELL WALTON,                      )<br>                                                      )<br>               Plaintiff,             )<br>vs.                                           )<br>                                                      )<br>UNIFIED GOVERNMENT OF WYANDOTTE )<br>COUNTY/KANSAS CITY, KANSAS  )<br>As Representative of Kansas City Board of )<br>Public Utilties,                              )<br>701 N. 7th St.                              )<br>Kansas City, KS 66101,               )<br>                                                      )<br>       Serve:  Brett Deichler           )<br>                    Unified Government Clerk )<br>                    710 N. 7th Street, Suite 323 )<br>                    Kansas City, KS 66101  )<br>                                                      )<br>               Defendant.             ) | Case No:<br><br><br><br><br>**Jury Trial Demanded** |

## COMPLAINT

COMES NOW Plaintiff, Johnell Walton, and for his causes of action against Defendants Unified Government of Wyandotte County/Kansas City, Kansas as Representative of Kansas City Board of Public Utilities alleges and avers as follows:

### PARTIES, GENERAL ALLEGATIONS, JURISDICTION AND VENUE

1.      Plaintiff Johnell Walton, (hereinafter "Plaintiff" or "Walton") is an individual who at all relevant times was, and currently is, a resident of Kansas City, Kansas, and is employed by Kansas Board of Public Utilities in Kansas City, Kansas.

2.      Defendant Unified Government of Wyandotte County/Kansas City, Kansas (hereinafter "Defendant" or "Unified Government") is a Kansas governmental entity. The Unified Government acts as a Representative of Kansas City Board of Public Utilities (hereinafter "BPU") and may be served by servicing the Unified Government Clerk, Brett Deichler, at 710 N. 7th Street, Suite 323, Kansas City, Kansas 66101.

3. BPU is a public utility, owned by Defendant Unified Government, which provides electricity and water to approximately 66,000 customers in Wyandotte County and Johnson County, Kansas. BPU regularly conducts business in the state of Kansas and may be served by serving the Unified Government Clerk, Brett Deichler, at 710 N. 7th Street, Suite 323, Kansas City, Kansas 66101.

4. At all times relevant hereto, Plaintiff was an employee of BPU, as that term is defined in 42 U.S.C. §2000e(f).

5. At all times relevant hereto, Defendant Unified Government is an employer as that term is defined in 42 U.S.C. §2000e(b).

6. On information and belief, Defendant Unified Government employs (and at all times relevant hereto has employed) more than 200 employees.

7. Both jurisdiction and venue are proper in this court. This Court has original subject matter jurisdiction over all of Plaintiff's federal causes of action under 42 U.S.C. §2000e *et seq*. All unlawful employment practices and all other transactions and occurrences alleged herein were committed within Kansas.

8. Plaintiff seeks damages in excess of $75,000.00, exclusive of costs.

9. Plaintiff filed with the EEOC, his initial Charge of Discrimination, alleging race discrimination and hostile work environment. Plaintiff's Charge is attached as Exhibit "A" and incorporated herein by reference.

10. On or about August 25, 2021, the EEOC mailed to Plaintiff his Notice of Right to Sue, which is attached as Exhibit "B".

11. This action has been timely commenced by the filing of this Petition within ninety (90) days after Plaintiff's receipt of the aforesaid Notice of Right to Sue.

**FACTUAL BACKGROUND OF PLAINTIFF'S CLAIMS**

12. Plaintiff hereby incorporates paragraphs 1 through 11, and those that follow, by reference, as if fully set forth in these factual allegations.

13. Plaintiff is an African American.

14. Plaintiff began working for BPU in March 2013 as an Electric Troubleman. Plaintiff has witnessed and experienced discrimination and harassment due to his race. But for his race, Plaintiff would not have experienced discrimination; Plaintiff's race is the "but for cause" of the discrimination alleged herein.

15. Plaintiff had been called into meetings for as little as needing to "discuss" his "bad body language," but non-minorities were not criticized for such things.

16. Plaintiff has been singled out when questioned about calls that he was on, despite there being more than one employee working on the call.

17. Plaintiff has been held to a higher standard than non-minorities, having his decisions scrutinized almost daily, and often denied the same help that other non-minority crews are afforded.

18. Plaintiff has also been falsely accused of telling an elderly customer that she should climb a rotten pole and cut down communication lines in order to get service to respond to her concerns quicker.

19. Plaintiff was not scheduled to work on March 18, 2020, and volunteered to babysit his grandchildren. As Plaintiff drove by, Plaintiff asked his grandchildren if they wanted to see where Plaintiff worked. Other employees have brought their children and other family members to the Trouble facility, including a white dispatcher who brought in his wife and daughter three days prior (March 15, 2020), and another white dispatcher who babysits her grandkids while working as recently as that same month. When Plaintiff arrived, there was a sign on the door,

which Plaintiff did not read due to his belief it dealt with the recent fumigations that had taken place.

20. Upon Plaintiff's arrival, there were three employees who socialized with Plaintiff and his grandchildren. No one told Plaintiff he was not supposed to have his grandchildren in the building. After Plaintiff finished a phone call with another coworker, Plaintiff's supervisor called Plaintiff and said Plaintiff had to leave. Plaintiff left immediately with his grandchildren after being at the Trouble facility for a maximum of thirty (30) minutes.

21. Plaintiff then was off work due to illness, returning on April 3, 2020. Plaintiff worked his regularly scheduled shifts on April 3, 2020, April 4, 2020, and April 6, 2020. On April 7, 2020, Plaintiff was called in for a meeting, where he was terminated for bringing his grandchildren to the Trouble facility and for insubordination.

**COUNT I**
**RACE DISCRIMINATION/RETALIATION/HOSTILE WORK ENVIRONMENT IN VIOLATION OF 42 U.S.C.§1981**

22. Plaintiff hereby incorporates by reference all previously stated allegations in ¶¶ 1 through 21 above, including the entire contents of his Charge filed with the EEOC.

23. The continuing series of events planned and carried out by Defendant Unified Government, as described above, are discriminatory, abusive, and harassing. But for his race, Plaintiff would not have experienced or been subjected to the discrimination, abuse and harassment described above.

24. Defendant's misconduct, as alleged above, constitutes racial discrimination and retaliation in violation of 42 U.S.C. § 1981.

25. But for his race, Plaintiff would not have been treated differently; his race is a "but for" causative factor.

26. The actions of Defendant described above had a materially adverse impact on Plaintiff. As a direct and proximate result of the discriminatory conduct of Defendant, Plaintiff has suffered actual damages in the form of lost wages and benefits, humiliation, emotional distress and embarrassment in excess of $75,000.00.

27. The actions of Defendants Unified Government, BPU, and its employees have been willful, and in reckless disregard for the rights of Plaintiff. As a result, Plaintiff is entitled to actual and punitive damages.

28. Plaintiff is entitled to all actual damages, and to punitive damages, in such amounts as will be proven at trial and found to be reasonable by a jury.

29. If Plaintiff prevails on his claim, he is entitled to recover all attorneys' fees, costs, and expenses as provided by law.

WHEREFORE, Plaintiff prays for judgment, after jury trial, awarding him all actual damages deemed fair and reasonable by the jury; for punitive damages in such amount as is deemed fair and reasonable by the jury; for all attorneys' fees, costs and expenses incurred by plaintiff; and for such other equitable relief as the court deems just and proper.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff hereby requests and demands a trial by jury on all issues so triable.

## DESIGNATED PLACE OF TRIAL

Plaintiff, by and through counsel, hereby designates the United States District Court for the District of Kansas at Kansas City as the place of trial.

Respectfully submitted,

**THE POPHAM LAW FIRM, P.C.**

By: /s/ Bert S. Braud
Bert S. Braud, KS Bar No. 14223
712 Broadway, Suite 100
Kansas City, Missouri  64105
Telephone:  (816) 221-2288
Telecopier:  (816) 221-3999
E-Mail:  bbraud@pophamlaw.com

**ATTORNEYS FOR PLAINTIFF**