IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHNELL WALTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-cv-02532-JWB-ADM |
| ) | |
| UNIFIED GOVERNMENT OF WYANDOTTE ) | |
| County/Kansas City, Kansas as ) | |
| Representative of ) | |
| Kansas City Board of Public Utilities. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE**

**COMES NOW** Defendant Unified Government of Wyandotte County/Kansas City, Kansas ("Defendant"), and provides its Response to Plaintiff's Motion to Strike ECF Doc 43 (ECF Doc. 44).

I. **PLAINTIFF HAS NOT PROVIDED GROUNDS FOR STRIKING DEFENDANT'S REPLY**

Plaintiff has filed a Motion to Strike Defendant's Reply in Support of its Motion for Summary Judgment, ECF Doc. 43. Plaintiff fails to cite to a single legal principal that would justify striking Defendant's entire Reply other than the fact that Plaintiff does not like Defendant's entire Reply.

Instead, Plaintiff argues that Defendant should have anticipated every argument Plaintiff could make, preemptively refute all such arguments, and identify all factual statements that may preemptively refute Plaintiff's yet-unargued points. This is without merit – Defendant could not state facts regarding Plaintiff's statistical data without first seeing the data upon which Plaintiff relies. Similarly, Plaintiff appears to complain that the BPU relied on a corporate representative

1

deposition of Plaintiff's own union instead of the BPU's General Manager.  Plaintiff cites to no legal principal that this would justify striking the entirety to ECF Doc. 43.  Plaintiff's Motion to Strike is frivolous and meretricious.

Plaintiff argues that Defendant relied on testimony that is "***not accurate***" yet Plaintiff fails to point to evidence of this bolded and italicized argument.  Plaintiff appears to reference pages 35:13-23, cited in the preceding paragraph of his Motion, in which Dixon testified:

```
13    Q.    Okay. That's actually Gardner,
14   G-A-R-D-N-E-R; correct?
15    A.    So you are correct that Tony is on
16   this list.
17    Q.    And you can confirm for us that Tony
18   Garner is not an active journeyman lineman; correct?
19    A.    Correct.
20    Q.    So this list is not accurate
21   completely, is it?
22    A.    It's in our system.· That's the way it
23   is in our system.
```

Notably, Dixon does not agree that the list of BPU linemen is inaccurate, nor does Dixon make any statements about the lists of all linemen or of lineman at Independence Power & Light.  Further, Plaintiff's Motion fails to provide evidence to show that every word of Dixon's testimony is inaccurate – Plaintiff essentially relies on his own attorney's question as evidence here.  Even assuming *arguendo* that Dixon's entire testimony is falso, Plaintiff does not connect how that justifies striking all of ECF Doc. 43.  Like his Response, ECF Doc. 42, Plaintiff asks the Court to overlook the dearth of legal citations and side with him based on empty arguments.

**II.    DEFENDANT DOES NOT OBJECT TO PLAINTIFF FILING A SUR-RESPONSE, BUT DOES OBJECT TO PLAINTIFF'S PROPSOED SUR-RESPONSE**

As stated plainly in ECF Doc. 43, Defendant does not object to Plaintiff filing a sur-response.  However, Defendant takes issue with Plaintiff's proposed sur-response here.  Plaintiff purports to controvert nine separate statements of fact on one single ground, which is that all of

Mr. Dixon's testimony is necessarily false because his spreadsheet of linemen at the BPU contained a mistake. ECF Doc. 44-2, p. 2-3, ¶¶104-112. Defendant points to its arguments about Plaintiff's repeatedly improper attempts to controvert facts as argued in ECF Doc. 43, page 6, and notes that Plaintiff's Responses to DSOF ¶¶ 104-112 do not controvert the substance of the fact stated and instead simply attempt to incorporate one general objection to all of Dixon's testimony. As such, Plaintiff's sur-response is improper because rather than address the substance of the facts set forth by Defendant, Plaintiff simply attempts to muddy the water as much as possible by controverting facts as vaguely and broadly as possible to avoid summary judgment.

If the Court allows a sur-response, Defendant requests that Plaintiff follow summary judgment procedures and controvert facts as stated rather than assert one blanket attempt to controvert to nine separate facts that relate to three different sets of data.

Furthermore, Plaintiff does not need a sur-response to set forth additional argument. Plaintiff cites to zero legal principals for why his sur-response needs to go beyond the new facts in Defendant's Response and delve into legal argument. Plaintiff's entire position is an attack on Dixon's credibility. The Tenth Circuit has consistently held that on "summary judgment, a district court may not weigh the credibility of witnesses." *Fogarty v. Gallegos,* 523 F.3d 1147, 1165 (10th Cir. 2008). Plaintiff's proposed sur-response does just that – it is an attempt to have the court disregard Dixon's testimony about three separate data sets (BPU, Independence Power & Light, and the region as a whole) because a mistake with regard to just one of the data sets apparently means that everything to which Dixon testified must be false.

### III. CONCLUSION

For all the reasons stated above, Defendant requests the Court Deny Plaintiff's Motion to Strike and Order Plaintiff to file a legally proper Sur-Response that addresses the actual facts set forth by Defendant.

Respectfully submitted,

McAnany, Van Cleave & Phillips, P.A.
10 E. Cambridge Circle Drive, Suite 300
Kansas City, Kansas 66103
Telephone (913) 371-3838
Fax (913) 371-4722
Email: rdenk@mvplaw.com
slow@mvplaw.com

By: /s/ *Spencer A. Low*
Ryan B. Denk         #18868
Spencer A. Low       #27690
*Attorneys for Defendant Unified Government of Wyandotte County / Kansas City, Kansas*

### CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the 16th day of March, 2023, the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following:

Bert S. Braud
The Popham Law Firm, P.C.
712 Broadway, Suite 100
Kansas City, Missouri 64105
bbraud@pophamlaw.com

*Attorneys for Plaintiff*

/s/ *Spencer A. Low*

4